UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　Case No. 23-CR-212

DEMARIO M. ROBINSON,

　　　　　　　　Defendant.

## RECOMMENDATION AND ORDER

　　Demario M. Robinson is charged with drug and firearm offenses, including allegations that he received devices that render semiautomatic handguns fully automatic, possessed a firearm after having been convicted of a felony, and possessed a machinegun. (ECF No. 8.) He seeks to suppress evidence obtained from a search of two cellphones seized from his apartment pursuant to a federal search warrant. (ECF No. 27.)

　　Robinson's argument is not one of particularity, *per se*. The warrant for Robinson's home explicitly authorized the seizure and search of any cell phone that officers found, and that is generally sufficient under the Fourth Amendment. (ECF No. 30-1); *see United States v. Spears*, 965 F.2d 262, 277 (7th Cir. 1992) ("The officers executing the warrant

must be able to identify the things to be seized with reasonable certainty."); *United States v. Somers*, 950 F.2d 1279, 1285 (7th Cir. 1991) ("Although the fourth amendment requires that a search warrant describe the objects of the search with reasonable specificity, it need not be elaborately detailed."); *United States v. Prewitt*, 553 F.2d 1082, 1086 (7th Cir. 1977) ("The Fourth Amendment, which only prevents 'unreasonable' searches and seizures, does not demand that the police be able to minutely identify every item for which they are searching.").

Rather, Robinson argues that cellphones are different from other objects because they can be expected to contain a thorough record of a person's life. (ECF No. 27 at 9 (quoting *Riley v. California*, 573 U.S. 373, 393-401 (2014)). Therefore, a warrant must identify the specific phones investigators may search and establish probable cause to search each phone.

Robinson notes that the only phone the affidavit establishes him as having used is one with a phone number ending 5689. At the time investigators obtained the warrant to search his home they also obtained a separate warrant to search that phone.[1] (ECF No. 30-2.) He argues that investigators were required to do the same—obtain a separate warrant—for each phone they seized from his home, and they could not rely on a broad warrant authorizing the examination of every phone they found in his home. After all,

---

[1] That warrant primarily sought records from the service provider, including location data.

the warrant issued here would include the phones of any person who happened to be at the residence when investigators executed the warrant.

In response, the government argues that, even though the two phones that are the subject of Robinson's motion were seized from his home, his motion must be denied because he has not shown that he had a privacy interest in the phones—and therefore lacks standing to challenge their search. (ECF No. 30 at 5.) But the government offers no authority to support its contention that a defendant must identify a protectable interest in each object in his home. There can be no question that a person has standing to challenge the search of his home and items seized from it; that principle is grounded in the explicit text of the Fourth Amendment. *See, e.g., Silverman v. United States*, 365 U.S. 505, 511 (1961) ("At the very core stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.")

Turning to the merits of Robinson's motion, the Supreme Court has recognized that, by virtue of the immense amount of data they may contain, cellphones are no mere "container." But it offered that observation in the context of explaining why an exception to the warrant requirement—a search incident to arrest—did not apply to cellphones. *See Riley v. California*, 573 U.S. 373, 401 (2014). Here, investigators had a warrant. The Court held only that cellphones are subject to the warrant requirement; it never held that they are subject to any sort of enhanced warrant requirement. *See United States v. Vizcarra-Millan*, 15 F.4th 473, 504 (7th Cir. 2021); *but cf. In re Search Warrant*

*Application for the Search of a Townhome Unit*, No. 20 MC 106, 2020 U.S. Dist. LEXIS 68652, at *13 (N.D. Ill. Apr. 20, 2020) (referring to cellphones as "highly protected").

Although in certain circumstances a judicial officer issuing a warrant may demand that a warrant be tailored to limit the intrusion on persons other than the suspect, *see, e.g., In re Search Warrant Application for the Search of a Townhome Unit*, 2020 U.S. Dist. LEXIS 68652, at *13, a warrant does not offend the Fourth Amendment merely because it results in an infringement of the privacy interests of others. Infringement on the privacy interests of those other than the suspect is an unavoidable consequence of every warrant to search a residence occupied by multiple people. But that is why a warrant is required; it is not a reason to strike down a warrant.

Even if the court found merit in this position, as a practical matter the only way for law enforcement to identify who owned each phone, or if a particular phone is one identified in the warrant, is through some manner of a search. *See United States v. Sam*, No. CR19-0115-JCC, 2020 U.S. Dist. LEXIS 87143, at *4-5 (W.D. Wash. May 18, 2020) (holding that manipulating a phone to view its lock screen was a search); *cf. Arizona v. Hicks*, 480 U.S. 321, 326 (1987) (holding that moving a stereo to view its serial number was a search); *see also United States v. Vizcarra-Millan*, 15 F.4th 473, 503 (7th Cir. 2021) ("Criminals do not neatly label which cell phone belongs to whom, and officers would be foolish to trust self-serving denials.").

4

The Court's acknowledgment in *Riley* that cellphones are likely to contain a thorough portrait of a person's life tends to support a finding of probable cause to search every phone found in Robinson's home. When someone's life includes committing crimes, evidence of those crimes is likely to be found on his phone. For an offense like the one with which Robinson is charged, his phones may yield not only incriminating photos but communications with customers and suppliers, financial records, and details of travels, all of which may be relevant in building a case against him.

The affiant here detailed how, in his training and experience, evidence of ongoing crimes is routinely found on cell phones. (ECF No. 30-1, ¶¶ 39-40; 37-38[2].) Unlike *United States v. Griffith*, 432 U.S. App. D.C. 234, 867 F.3d 1265 (2017), on which Robinson primarily relies, the affidavit contained specific details regarding Robinson's connection to cellular phones.

That investigators believed Robinson to have used a certain phone assigned a particular number does not mean that there was no probable cause to search any other phone. To the contrary, the fact that there was a strong reason to believe that one phone likely contained evidence tended to provide a basis for suspecting that there would be evidence on any phone found at Robinson's home. Criminals engaged in the sale of contraband often employ multiple phones in their trade. *See, e.g., United States v. White*,

---

[2] The paragraphs in the affidavit are misnumbered. Following paragraph 40, the numbering restarts at 37 and repeats paragraphs 37, 38, and 39.

95 F.4th 1073, 1077 (7th Cir. 2024); *In re Use of a Cell-Site Simulator to Identify a Cellular Device in a Narcotics Trafficking Case*, 623 F. Supp. 3d 888, 894 (N.D. Ill. 2022). And anyone may have an old cellphone or two sitting around the house. In the context of an ongoing offense like Robinson is alleged to have engaged in, an old phone is also likely to contain relevant evidence.

Robinson also posted an incriminating photograph on Instagram (ECF No. 30-1, ¶ 36), an application generally accessed through a mobile phone. A person who publicly posts one incriminating photo is likely to have taken others, and such photos are likely to be found on a person's phone. More narrowly, investigators had probable cause to search devices associated with Robinson for data identifying the device from which the incriminating Instagram post originated, thereby reinforcing the connection between the post and Robinson.

Reading the affidavit as a whole, in a common sense, non-technical manner, *see United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010), and especially giving "'great deference' to the issuing judge's finding of probable cause," *United States v. Fifer*, 863 F.3d 759, 764 (7th Cir. 2017) (quoting *United States v. Dessart*, 823 F.3d 395, 400 (7th Cir. 2016)), a substantial basis existed for concluding there was probable cause that evidence of a crime, *Illinois v. Gates*, 462 U.S. 213, 238 (1983), would be found on any cellphone located at Robinson's residence.

**IT IS THEREFORE RECOMMENDED** that Robinson's motion to suppress (ECF No. 27) be denied.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 29th day of April, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge